UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIDVALE INDEMNITY COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PLASTER PRO MASONRY CONTRACTORS, PLASTER PRO MASONRY CONTRACTORS a/k/a PLASTER PRO STUCCO & MASONRY, DANILO RICALDE FLORES, CP MULTI FAMILY CONSTRUCTION EAST LLC, JOHN DOE 1-10, and ABC CORP 1-10,**<br><br>**Defendants.** | Case No. 21-cv-20580<br><br>**OPINION ON MOTION FOR DEFAULT JUDGMENT** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Midvale Indemnity Company ("Plaintiff") brings this declaratory judgment action against Defendants Plaster Pro Masonry Contractors and Plaster Pro Stucco & Masonry ("Plaster Pro"), along with additional parties joined to the extent of their interest in the outcome of the litigation Danilo Ricalde Flores and CP Multi Family Construction East LLC. *See* Compl. ¶¶ 6, 7. The suit arises from an insurance policy issued by Plaintiff to Plaster Pro. Plaintiff's complaint seeks relief pursuant to 28 U.S.C. § 2201 in the form of a declaration that Plaintiff "does not owe [Plaster Pro] defense or indemnity for claims arising out of" a state court lawsuit captioned *Danilo Ricalde Flores v. Plaster Pro Stucco & Masonry Contractor, et al.*, Superior Court of New Jersey, Essex County, Docket No. ESX-L-1224-21 ("Flores Lawsuit"). Compl. ¶ 2, ECF No. 1. Defendants failed to respond the complaint and Defendants Plaster Pro and CP Mult Family Construction East LLC were placed in default in June 2022. ECF No. 9. In October 2022, Plaintiff filed its first motion for default judgment against Plaster Pro. ECF No. 10. While that motion was pending, multiple nonparties filed motions to intervene and asked the Court to stay the litigation pending the outcome of a state court case in New York involving the same Plaintiff and overlapping legal issues. ECF Nos. 14–23. The Court granted the motions to intervene, stayed the litigation, and terminated Plaintiff's default judgment motion in December 2022. ECF Nos. 24, 25. In January 2025, Plaintiff notified this Court that the New York state court litigation had settled, and this Court lifted the stay. ECF Nos. 29, 30. Plaintiff filed a renewed motion for default judgment against Plaster Pro on February 4, 2025. ECF No. 31. Defendants have not responded.

**I.    Discussion**

      Federal Rule of Civil Procedure 55 governs the entry and grant of default judgment. The mere fact of default does not entitle plaintiff to judgment. "[P]rior to entering a judgment of

default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the complaint alleges that the parties are completely diverse and the amount in controversy exceeds $75,000. Compl. ¶¶ 1-7, 10, ECF No. 1. The Court has general personal jurisdiction over the New Jersey based defendants, *see* Compl. ¶¶ 4, 5, 7, and specific personal jurisdiction over the non-New Jersey based defendants because Plaintiff alleges a substantial portion of events giving rise to the claims occurred within New Jersey, *id.* ¶ 13. Service was effected as to the Plaster Pro defendants on December 31, 2021, ECF Nos. 3, 4, and as to Defendant CP Multi Family Construction East LLC on March 30, 2022, ECF No. 7.

On the merits, Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that (a) it is entitled to rescind the policies of insurance it issued to the Plaster Pro defendants and return the premiums collected; and (b) it has no duty to defend or indemnify Plaster Pro with respect to the action captioned *Danilo Ricalde Flores v. Plaster Pro Stucco & Masonry Contractors, et al.*, in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-1224-21. "Under New Jersey law, an insurance carrier can rescind an insurance policy based on a material misrepresentation made by the insured." *Liberty Insurance Underwriters, Inc. v. Wolfe*, 2017 WL 481468 (D.N.J. Feb. 6, 2017) (citing *Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, et al.*, 189 N.J. 436 (2006)). Here, Plaintiff alleges—and supplies documentation to confirm—that it issued its insurance policy to Plaster Pro based in part on Plaster Pro's representation that it "did not use subcontractors on any of its projects," and alleges that "Had Midvale known of Plaster Pro's or Plaster Pro Stucco's use of subcontractors, it would have issued the Midvale Policies on materially different terms or not at all." Compl. ¶ 19. But "[o]n or about February 25, 2025, Cumbicos and Plaster Pro Stucco entered into a Subcontractors Agreement, whereby Plaster Pro Stucco retained Cumbicos as a subcontractor," in violation of the insurance agreement. *Id.* ¶ 29. In response to the Flores lawsuit, Midvale issued a Reservation of Rights with respect to its duty to defend Plaster Pro under the insurance agreement, including a reservation on the basis of material misrepresentation "including but not limited to the Insured's use of subcontractors." Compl. Ex. F at 39, ECF No. 1-2. Accordingly, the unchallenged facts present a legitimate cause of action for declaratory relief. The Court further finds no circumstances that would render the entry of default judgment improper.

## II.     Conclusion

Plaintiff's motion for default judgment is **GRANTED**. An appropriate order follows.

March 3, 2025

WILLIAM J. MARTINI, U.S.D.J.